By the Court.
 

 These two cases may be disposed of in one opinion. In each case plaintiff in error was summarily fined $100, by reason, as found by the court, of having violated an injunction issued by the court in a case in which neither of the plaintiffs in error was a party. The findings and judgment of the trial court against these plaintiffs in error were made and entered at the close of a hearing in which two other parties had been tried for contempt in violating the same injunctive order of the court. Both these parties were acquitted of the charge. One of these persons so acquitted was the business agent of Butcher Workmen’s Union, Local No. 232, and a party defendant in the injunction case, and was also the business
 
 *65
 
 agent of Butcher Workmen’s Union, Local No. 610, which last-named union was not a party in the injunction case. Neither of the parties plaintiff in error had been charged with any violation of the injunction. The plaintiff in error, Albert, was president of Union Local No. 610, and was in the courtroom, but not there pursuant to any order of the court to be there, when the two officers of Local Union No. 232 were acquitted of contempt charges, as stated.
 

 The trial judge learned that Albert was in the courtroom, and thereupon the following colloquy took place between the trial judge and Albert:
 

 “The Court: Let Mr. Albert come forward. Mr. Albert, you are president of Local 610, are you?
 

 “Ans. (Mr. Edwin Albert). Yes, sir.
 

 “The Court: Did you have any knowledge of the carrying of this banner?
 

 “Ans. (Mr. Edwin Albert). Yes, sir.
 

 “The Court: Did you order it carried?
 

 “Ans. (Mr. EdAvin Albert). Yes, sir.
 

 ‘ ‘ The Court: Did you knoA\r the orders of. this court?
 

 “Ans. (Mr. EdAvin Albert). Well, according to the papers we got from this court that this local 610 was not mentioned in it at all.
 

 “The Court: That is all I Avant to ask you.”
 

 And thereupon the court proceeded summarily, on this basis alone, to adjudge Union Local No. 610 and Edwin Albert guilty of contempt of court, and imposed a fine of $100 on each of them.
 

 This judgment of the trial court was affirmed by the Court of Appeals without opinion.
 

 The trial court evidently treated these cases as
 
 *66
 
 coming within the provisions of Section 12Í36, General Code, which reads as follows:
 

 “A court, or judge at chambers, summarily may punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice.”
 

 This action of the trial court was erroneous. The situation thus presented to the court is covered by Sections 12137, 12138, and following sections, and the plaintiffs in error were entitled to have written charges filed against them as provided in Section 12138, and to have a hearing thereon before conviction, as provided in Section 12141, General Code.
 

 The judgments of conviction and sentence will be reversed, and the cases remanded to the court of common pleas for further action in accord with this opinion.
 

 Judgments reversed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.