Day, J.
 

 The paramount question presented in this case is, as stated by the brief of plaintiff in error, whether or not the Court of Appeals erred in the following respect:
 

 “The court had no power or authority under the statute providing for trial and punishing those found guilty of contempt (Sections 12137-12141 of the General Code) to appoint a commissioner to hear testimony when Section 12141 of the General Code requires the court as a court to hear the testimony and take the evidence and decide upon the weight and credibility of the witnesses.”
 

 It is, of course, conceded that the action of the Court of Appeals in appointing the master commissioner to take the testimony, covering over
 
 *697
 
 1,000 pages of typewritten matter, was based upon the request of the parties themselves, appearing in open court, accompanied by their counsel, asking “the court to appoint such commissioner to take the testimony in the contempt proceedings against said Charles J. Pilliod then pending before this court.” When the taking of such testimony was nearly completed, plaintiff in error Pilliod objected to the further proceedings before the master, upon the ground that the Court of Appeals could not hear and receive such testimony in a contempt proceeding. This, then, raises the sole question for determination.
 

 Sections 11887 and 11888, prescribing the penalty for disobeying an order of injunction, are not exclusive, but are cumulative with Sections 12137, 12142 and 12147, General Code, relating to contempt and the punishment therefor.
 

 In this instance the record shows that the Court of Appeals found upon the evidence, which it considered and deemed competent when it came to consider the report of the testimony ordered taken by the commissioner, appointed at the request of both parties, that the said plaintiff in error had violated its order in injunction, and proceeded to enter what it deemed to be the proper judgment in the premises. Surely this power was not only inherent in the court, but was also within legislative enactment, and in this instance the only objection which the plaintiff in error urges is as to the manner of producing the testimony to which he consented in open court in the first instance.
 

 The power of courts to appoint master commissioners to report testimony of witnesses to the
 
 *698
 
 court, especially iu matters that are technical in character, or involve accounts and matters of like import, is well established by statute and general practice. When the competency and admissibility of evidence is passed upon by the court itself, as in this instance, and in the taking of such testimony before the master full opportunity has been given both parties for the production of evidence, for examination and cross-examination of witnesses, no legal rights of either party are invaded.
 

 In contempt cases, the practice of appointing masters to take testimony and report to the court is quite generally recognized. In 13 Corpus Juris, p. 79, under the subject of “Contempt,” the following text is given and cases cited in support thereof:
 

 “Particular questions or issues on which to take testimony may, within the discretion of the court, be referred to a referee, master, or other designated person, and it is common practice to order such a reference when there is a general denial of the charge not amounting to a purgation, or when the evidence is so uncertain as to the character or extent of the alleged contempt, that the court is unable properly to assess the damages or determine the punishment.”
 
 Merchants’ Stock & Grain Co.
 
 v.
 
 Board of Trade of City of Chicago
 
 (C. C. A.), 201 F., 20;
 
 People, ex rel.,
 
 v.
 
 Alexander,
 
 3 Hun (N. Y.), 211;
 
 Albany City Bank
 
 v.
 
 Schermerhorn,
 
 9 Paige (N. Y.), 372, 38 Am. Dec., 551.
 

 See, also, Rapalje on Contempt, p. 171, Section 124.
 

 Where a party has appeared before the referee, taken part in the examination of witnesses, and
 
 *699
 
 had the question of the competency of the admissibility of their testimony duly reviewed by the court, every constitutional requirement has been met.
 
 Merchants’ Stock & Grain Co.
 
 v.
 
 Board of Trade of City of Chicago
 
 (C. C. A.), 201 F., 20, 28.
 

 Our attention is called to the case of
 
 Davis
 
 v.
 
 State, ex rel.,
 
 50 Ohio St., 194, 33 N. E., 926. That case is distinguishable from the case at bar, in that the same was heard in an adjoining county, at chambers, while in the instant case the hearing was in open court, at a regular session, in Lucas county, with full opportunity to present all questions arising on the admissibility and competency of evidence, the weight thereof, and other legal questions appertaining to the issue joined. We do not regard the
 
 Davis case
 
 as in conflict with the holding made in this case.
 

 We find that the Court of Appeals did not transgress its power in the premises, and that, in considering the testimony taken before the master commissioner, no error intervened in the state of the record disclosed.
 

 Other questions urged by the plaintiff in error are not presented in such form that this court, under its rules of practice and the statutes, is called upon to pass upon the same.
 

 The conclusion of this court is that the judgment and order of the Court of Appeals should be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Allen, Robinson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.