Robinson, J.
 

 These cases both arise out of Cause No. 3560 of the Court of Appeals of Hamilton county, on separate petitions in error filed by the contending parties from different judgments of that court in the same case.
 

 The case was heard upon appeal in the Court of Appeals by the judges of that district, Judges Cushing, Hamilton, and Ross, who, on July 25, 1929, entered a judgment for Robert S. Alcorn, a taxpayer, plaintiff in error in Cause No. 21995 in this court, and defendant in error in Cause No. 21947 in this court, enjoining the city of Cincinnati from proceeding to construct an incinerator.
 

 During the term, and approximately twenty-four days after the date of the judgment, the city of Cincinnati filed an application for a modification of the judgment and a dissolution of the injunction order of July 25th. While such application was pending, and twenty-nine days after the date of the entry of judgment, to wit, August 23, 1929, the city filed a motion in this court for an order directing the Cburt of Appeals to certify the record, under this court’s
 
 *296
 
 constitutional authority to so order in cases involving a question of public or great general interest.
 

 On October 2, 1929, the Court of Appeals, at the time composed of Judges Cushing and Ross of the First Appellate District, and Judge Crow of the Third Appellate District, sitting in Hamilton county by designation in the place of Judge Hamilton, who was absent from the district, heard the application to modify its entry of July 25, 1929, and to dissolve the injunction.
 

 The Court of Appeals so constituted on that day modified the judgment entered July 25,1929, and dissolved the injunction theretofore allowed.
 

 Thereupon, Robert S. Alcorn, a taxpayer, filed a motion in this court for an order upon the Court of Appeals to certify its record to this court. Thereafter, both motions were sustained in this court, and on November 27, 1929, the City of Cincinnati et al. filed their petition in error in this court, and on November 29, 1929, Robert S. Alcorn, a taxpayer, filed his petition in error in this court.
 

 The contention of the plaintiff in error taxpayer, as we understand it, is: (1) That two members of the Court of Appeals were without power to modify a judgment rendered by the concurrence of all its members; (2) that a judge who did not sit in the case at the time of the entering of the original judgment is without power to modify such judgment upon a rehearing; (3) that the filing of a motion in this court for an order directing a Court of Appeals to certify its record in a given case operates to suspend the jurisdiction of the Court of Appeals in such case during the pendency of such motion.
 

 The first question answers itself when it is re
 
 *297
 
 called that the Court of Appeals, although composed of three judges, is but a single entity, and functions by the concurrence of a majority of its members, and that for all purposes, except for the purpose of a reversal upon the weight of the evidence in an error proceeding, the concurrence in a judgment by two of its members is as effective as the concurrence in such judgment by all three of its members.
 

 The second question answers itself when it is recalled that the court as an entity remains the same, regardless of any change in personnel, and that when a judge of a Court of Appeals of any district in the state sits by designation in a district other than that of his residence he sits as a judge of the district of designation, with all the powers of a judge resident of such district.
 

 The third question involves the status of a cause during the interim between the filing of a motion in this court for an order directing the Court of Appeals to certify its record of the cause here for review and the ruling upon such motion.
 

 It must be remembered that this case does not fall within the class of cases that the litigant by constitutional right may file in this court for review without leave, but falls within that class of cases that this court may order certified upon its finding that the cause is one of public or great general interest. A motion for such an order is filed in this court, and is heard upon notice; and no petition in error is permitted to be filed until after such motion has been sustained, when the cause is first docketed as a case, and process issues.
 

 The jurisdiction of this court to review is sought, but not fixed by the filing of such motion. It is es
 
 *298
 
 tablished when such motion has been sustained, a petition in error has been filed in pursuance of an order to certify, and service had. The very nature of the proceeding precludes any other conclusion. It is true that on occasion this court has made ancillary orders, with a purpose to preserve the
 
 status quo
 
 of the parties pending such motion, the authority for which cannot be found and is not inherent —there being no inherent jurisdiction in any court to review the judgment of another court on error.
 

 This court has not had this exact question, arising under its constitutional jurisdiction to review, presented to it, but has had a somewhat similar question, arising under the statutory jurisdiction of a common pleas court to review the judgment of a magistrate’s court. In the case of
 
 Village of Canfield
 
 v.
 
 Brobst, 71
 
 Ohio St., 42, 72 N. E., 459, this court held that the Circuit Court was without jurisdiction to entertain a petition in error to the refusal of the court of common pleas to sustain an application for leave to file a petition in error in that court from the mayor’s court of a village, in a liquor violation case, a statute (Section 1752, Revised Statutes) then in force providing that “a conviction under an ordinance of any municipal corporation may be reviewed by petition in error, in the same manner and to the same extent as was heretofore permitted on writs of error and
 
 certiorari,
 
 and the judgment of affirmance or reversal may be reviewed in the same manner; and for this purpose a bill of exceptions may be taken, or a statement of facts embodied in the record on the application of any party; but no such petition shall be filed except on leave of the court or a judge thereof, and such court or judge
 
 *299
 
 has power to suspend the sentence, as in criminal cases.”
 

 The judge writing the opinion states at pages 47 and 48 of 71 Ohio State, 72 N. E., 459, 460: “The common pleas may acquire and have jurisdiction in such case, or it may refuse to let the case be filed. * * * The defendant in error sought to institute a proceeding. He could do so only upon leave of the common pleas court or a judge thereof. The asking leave is not a special proceeding, and does not become such until the door of the court is opened for its entrance. The application may be made to a judge of the court in or out of vacation. It is not entitled to a place on any docket until the leave is granted. We think it entirely clear that such application is not a special proceeding, but a request' for leave to file a proceeding to review the judgment of the mayor. ’ ’
 

 This court reversed the judgment of the Circuit Court, and stated in its syllabus: “Where one who has been tried and convicted before the mayor of a municipal corporation for violation of an ordinance, applies under Section 1752, Revised Statutes, to the court of common pleas, or a judge thereof, for leave to file a petition in error to review the proceedings and judgment of the mayor, and the court, or judge, to whom the application is made refuses to grant leave to file the petition in error, such refusal is not reviewable on error in the circuit court.” See, also,
 
 Carroll
 
 v.
 
 O’Conner,
 
 25 Ohio St., 617, and
 
 Rothwell
 
 v.
 
 Winterstein,
 
 42 Ohio St., 249.
 

 The analogy is the same, although the jurisdiction of this court is fixed by constitutional provision
 
 *300
 
 while the jurisdiction of the court of common pleas is fixed by the acts of the General Assembly.
 

 The Court of Appeals based its original judgment against the city upon the ground that the city had failed to secure the approval of the state board of health and the board of health of the city, as appears from its journal entry: “The Court further finds that the defendants failed and neglected to take the necessary prerequisite steps required by law, to erect said incinerator, by failing to obtain the consent or approval of the State Board of Health or the Board of Health of the City of Cincinnati.” It then “Ordered, adjudged and decreed” that all of the defendants in error be “perpetually and permanently enjoined from constructing said Incinerator under the contract in question,” and rendered judgment against the city of Cincinnati for costs.
 

 Thereafter, and during the term, the city secured the approval of the state board of health and the city board of health of the plans of the incinerator and the location thereof, and made its application for a modification of the judgment and the dissolution of the injunction, upon the theory that, since the injunction was granted for the sole reason that such approval had. not been obtained, the injunction ought not to be continued in force by a court of equity after such approval had been obtained. The court, upon hearing, made such modification and vacated the order of injunction, but allowed its judgment for costs to stand.
 

 The court had control over its judgment entries at the time. Its jurisdiction over the cause had not been suspended by the application of the defendants in error for an order of this court to require the
 
 *301
 
 Court of Appeals to certify its record, and, its final judgment being a dissolution of the injunction, this court is not called upon to determine whether such approval by the state board of health or by the city board of health was essential to the power of the city and the validity of the contract.
 

 Since we affirm the final judgment of the Court of Appeals upon the motion to modify the judgment and dissolve the injunction, it becomes unnecessary for this court to consider the petition in error filed by the City of Cincinnati et al. on November 27, 1929, which is therefore dismissed.
 

 The judgment of the Court of Appeals is affirmed.
 

 Petition in error dismissed in cause No. 21947.
 

 Judgment affirmed in cause No. 21995.
 

 Kinkade, Jones, Matthias, Day and Allen, JJ., concur.