Matthias, J.
 

 The single question of law presented to the Court of Appeals, and now to this court, is whether the trial court was authorized to commit the defendant to the county jail for any period. The appellant concedes that a contempt was committed but contends that since it was committed in violation of a temporary restraining order, the penalty should have been limited to that provided in Sections 11887 and 11888, General Code. Those sections are as follows:
 

 “Section 11887. All injunction or restraining order granted by a judge may be enforced as the act of the court, and disobedience thereof punished by the court, or a judge who granted it in vaóation, as a contempt.
 

 “Section 11888. Upon being satisfied, by affidavit, of the breach of an injunction or restraining order, an
 
 *77
 
 attachment may be issued by the court or judge against the guilty party, and he be required to pay a fine not exceeding 'two hundred dollars, for the use of the county, to make immediate restitution to the party injured, and to give further security to obey the injunction or restraining order. In- default thereof, he may be committed to close custody until he complies with such requirement, or is otherwise legally discharged. ’ ’
 

 The appellant contends that, since imprisonment was imposed upon the guilty party, the trial court necessarily applied the provisions of Section 12137
 
 el seq.,
 
 General Code, to this proceeding. However, the entry of the trial court does not indicate that either Section 11888 or Section 12137
 
 et seq.,
 
 General Code, formed the basis of the commitment.
 

 Section 12137, General Code, reads:
 

 “A person guilty of any of the following acts may be punished as for a contempt:
 

 “1. Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer;
 

 ‘ ‘ 2. Misbehavior of an officer of the court in the performance of his official duties, or in his official transactions ;
 

 “3. A failure to obey a subpoena duly served, or a refusal to be sworn, or to answer as a witness, when lawfully required;
 

 - “4. The rescue, or attempted rescue, of a person or of property in the custody of an officer by virtue of an order or process of court held by him;
 

 “5. A failure upon the part of a person, recognized to appear as a witness in a court, to appear in compliance with the terms of his recognizance.”
 

 Section 12138, General Code, provides:
 

 “In cases under the next preceding section, a charge in writing shall be filed with the clerk, an entry thereof made upon the journal, and an opportunity given to
 
 *78
 
 the accused to be heard, by himself or counsel. But this section shall not prevent the court from issuing process to bring the accused party into court, or from holding him in custody, pending such proceedings. ”
 

 Section 12141, General Code, provides:
 

 “Upon the day fixed for the trial the court shall proceed to investigate the charge, and shall hear any answer or testimony which the accused may make or offer. ’
 
 ’
 

 Section 12142, General Code, provides:
 

 “The court shall then determine whether the accused is guilty of the contempt charged. If it he adjudged that he is guilty, he may be fined not exceeding five hundred dollars, or imprisoned not more than ten days, or both. ’ ’
 

 In the case of
 
 Albert
 
 v.
 
 Gus Juengling & Son Co.,
 
 115 Ohio St., 64, 152 N. E., 29, which involved a contempt proceeding arising out of a labor controversy wherein no written charges had been filed, it was stated by the court on page 66 :
 

 “The situation thus presented to the court is covered by Sections 12137, 12138, and following sections, and the plaintiffs in error were entitled to have written charges filed against them as provided in Section 12138, and to have a hearing thereon before conviction, as proyided in Section 12141, General Code.”
 

 It is to be observed that that procedure was precisely followed in the instant case.
 

 The case of
 
 Pilliod v. Searles,
 
 115 Ohio St., 694, 155 N. E., 231, likewise was a proceeding in contempt. It involved the violation of an order of injunction of the Court of Appeals. Upon hearing that court assessed a fine of $200 and ordered confinement in the county jail for ten days. It is stated in the opinion, at page 697:
 

 “Sections 11887 and 11888, prescribing the penalty for disobeying an order of injunction, are not exclu
 
 *79
 
 sive, but are cumulative with Sections 12137, 12142 and 12147, General Code, relating to contempt and the punishment therefor. ’ ’
 

 It is further .stated, in substance, in the opinion that, having found from the- evidence that an'oráer of injunction had been violated, the court proceeded to enter what it deemed to be the proper judgment, and added: “surely this power was not only inherent in the court, but was also within legislative enactment.”
 

 Considering these various statutory provisions with a view to effecting the obvious purpose of their enactment, our conclusion is as follows:
 

 Sections 12137 and 12142, General Code, providing for the punishment of a person found guilty as for a contempt by “disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer,” authorize the assessment of a fine and the commitment of a person to jail who wilfully violates a temporary restraining order issued in a labor controversy upon written complaint and after hearing.
 

 Sections 11887 and 11888, General Code, providing for the punishment of contempt arising out of the violation of injunctions or. restraining orders of the court issued upon affidavit, do not preclude the application of the provisions of Section 12137, General Code, in cases where written charges are filed, and a hearing had as provided in Sections 12138 and 12141, General Code.
 

 The judgment of the Court of. Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Zimmerman, Sohngen and Stewart, ¿TJ., concur.