Hart, J.,
 

 dissenting. Section 11887, General Code, makes it an act of contempt of court to violate an in
 
 *80
 
 junction or restraining order
 
 granted by a judge,
 
 and Section 11888, General Code, provides a penalty for such violation
 
 not to exceed two hundred dollars.
 
 This' section does not provide for any jail sentence.
 

 Section 12137, G-eneral Code, makes it an act of contempt to disobey or resist a lawful writ, process, order,
 
 judgment or command of a court,
 
 and Section 12142, General Code, provides a penalty for such disobedi- ' ence or resistance not to exceed
 
 five hundred dollars, or imprisonment not more than ten days, or both.
 

 Evidently the General Assembly, in the ad.opti.on of this legislation, regarded " the violation of a judgment or order granted by a court after the rights of the parties in the' original action had been determined on final hearing, as having a greater degree of turpitude than the violation of a preliminary restraining order
 
 granted by a judge
 
 before the substantive rights of the parties have been considered or determined, and fixed the penalties for violation accordingly.
 

 The defendant in this case was charged with .the violation of a temporary restraining order granted by a judge of the Common Pleas Court three days after the petition in the original action had been filed and before any hearing had taken, place on the merits of the controversy between the parties. In other words, the offense of the defendant was a violation of the
 
 order of a judge
 
 as provided for in Section 11887, General Code, and not the violation of an order or judgment of a court as provided for under Section 12137, General Code.
 

 This being true, it is inconceivable to me- that the greater penalty provided for in Section 12142, General Code, for a greater offense defined in Section 12137, General Code, can be imposed upon the defendant, as was done in the instant case, for the violation of the lesser offense defined in Section 11887, General Code, for which a lesser penalty is provided. In my opinion
 
 *81
 
 these statutes cannot be regarded as cumulative because they cover two distinct and separate offenses for which separate and distinct penalties are, provided. Although, under these statutes, there could be no prejudice to a defendant in having a lesser penalty imposed for a greater offense, the reverse is not true. Furthermore, the instant proceeding being quasi-criminal in nature, these statutes must be strictly construed in favor of the defendant.
 

 In the majority opinion there is cited the cases of
 
 Albert
 
 v.
 
 Gus Juengling & Son Co.,
 
 115 Ohio St., 64, 152 N. E., 29, and
 
 Pilliod
 
 v.
 
 Searles,
 
 115 Ohio St., 694, 155 N. E., 231, as authority for the procedure of the court in the instant case. But as I interpret the holdings of the court in those cases, they are in harmony with the view expressed in this dissent.
 

 In the first of the two cases cited, the defendant was charged with contempt for the violation of “an injunction issued by the court, ’ ’ not a restraining order. The court there appropriately pointed out that the procedure provided by Sections 12137 and 12141, General Code, should have been followed. Likewise in the second case cited there was a violation by the defendant of a decree of injunction after full hearing on the merits in the original action. Under those circumstances this court properly held that a penalty including the commitment of the defendant to jail for ten days was proper under Sections 12137, 12142 and 12147, General Code.
 

 In my opinion, the judgment of the court in the instant case, committing the defendant to jail for a period of ten days, disregards the limitation fixed by Sections 11887 and 11888, General Code, and for that reason is prejudicially erroneous.