FAWICK AIRFLEX CO., APPELLEE, *v.* UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA ET AL., APPELLANTS. (Two cases.)

(Nos. 21631 and 21684—Decided April 2, 1951.)

*Messrs. Marshman, Hollington & Steadman,* for appellee.

*Messrs. Davis, Davis & Handelman,* for appellants.

FESS, J.   These are two separate but consolidated appeals from a judgment of the Common Pleas Court entered August 12, 1949.   Appeal No. 21631 is on behalf of Calvin York, Marvin Bevans, and Emil Landi, who were adjudged in contempt for violating an injunctive order entered April 12, 1949.   Appeal No. 21684 is on behalf of the United Electrical, Radio & Machine Workers of America, C. I. O., Local 735 from a judgment finding that the union breached the injunction of April 12, 1949, and ordering it to furnish a bond in the amount of $10,000 to secure compliance with such injunction, the bond being on the condition that upon violation of the injunction the security would be forfeited, and being effective until such time as it shall appear to the court to be no longer necessary.

On March 8, 1949, plaintiff filed its petition for injunction against the union and certain of its officers and members praying for a ban upon all picketing of its plant incident to a strike and, in the alternative, for a limitation of the number of pickets.   After due notice and hearing, a temporary injunction was entered March 12, 1949, providing, among other things, that the number of pickets at each entrance to the plant should be limited to two.   Upon application, leave was granted plaintiff to reopen the proceedings

for the purpose of presenting evidence and argument on the issue of whether the defendant should be enjoined from all picketing. An injunction bond in the sum of $1,000 was filed March 21, 1949.

Violations of the injunction having occurred on March 23 and 24, a motion to show cause for contempt was filed against 18 persons. On March 28 and April 4, other violations occurred which were presented to the court in a second motion to show cause whereby the movant sought to have the individuals punished for contempt. Movant also asked for security and for such other punishment and security as the court might deem proper. The court heard testimony on the first motion from March 25 to 28. The second motion was heard on April 7 and 8. On April 12, 1949, each of the respondents was found guilty of contempt. The court further found that by flagrant, wanton, and repeated violations of the order of March 12, 1949, respondents were imperiling the safety and security of the public and that they had forfeited any right which they might have had to picket plaintiff's plant. Accordingly, the court by its order of April 12, 1949, banned all picketing and forbade the establishment of any union headquarters within 1,000 feet of the plant.

No additional or supplemental bond was fixed or filed incident to this order.

Thereafter the union maintained its strike headquarters within 600 feet of the plant. On July 18, July 20, and August 2, 1949, the individual appellants picketed the plant in violation of the order of April 12, 1949, but in accordance with the limited picketing provisions of the order of March 12.

The sole error assigned by the individual appellants is that the court erred in finding that the defendants had violated an order of the court which was null, void,

and without effect, because (a) the court, having before it only the issue of contempt, was without jurisdiction to issue the injunctive order of April 12; (b) the order was *coram non judice*; and (c) without a proper bond under Section 11882, General Code, the court had neither jurisdiction to issue the injunction nor to punish for contempt thereof.

The court had jurisdiction of the subject of the action as well as of the defendants, which jurisdiction continued until final disposition of the issues in the case. In their brief, appellants assert that the trial court lost jurisdiction by reason of the perfecting of an appeal on April 12, 1949. There is nothing in the record before us to support this contention except original journal entries in appeals Nos. 21463 and 21466, staying execution of sentence for contempt, ''the respondents having given this court complete assurance in open court that during the pendency of this appeal there will be no violation of the injunction.'' Obviously, the appeals were upon questions of law and the cause was not thereby removed to the Court of Appeals.

The contention of *coram non judice* may well be ignored. The power to hear and determine a cause is jurisdictional. The law conferred upon the Common Pleas Court capacity to entertain the complaint against the defendants and the defendants were properly brought before the court to answer the charges therein contained. *Sheldon's Lessee* v. *Newton* (1843), 3 Ohio St., 494.

Could the appellants ignore with impunity the supplemental order of April 12, 1949, because no additional bond was required or filed? No contention is here made that the appellants had no notice or knowledge of the modification of the injunction.

Under Section 11882, General Code, no injunction

shall operate until the party obtaining it gives a bond to secure the party enjoined the damages he may sustain, if it finally be decided that the injunction ought not to have been granted. Where a proper bond has not been given, a court or judge thereof is without jurisdiction to punish for a breach of an injunction, and neither the statutory provisions for contempt nor the inherent power of the court to enforce its orders may be invoked. *In re Cattell,* 146 Ohio St., 112, 64 N. E. (2d), 416, 164 A. L. R., 312. The power of a court to punish for contempt is an inherent power and is not dependent upon legislative sanction, but, where the law has prescribed the procedure for the exercise of the power, it is the duty of the court to follow such procedure. *In Matter of Lands,* 146 Ohio St., 589, 595, 67 N. E. (2d), 433. The decision in the *Cattell case* overlooks the principle that an order issued by a court with jurisdiction over the subject matter and person of the parties must be obeyed by the parties until it is reversed by orderly and proper proceedings. *Worden* v. *Searls,* 121 U. S., 14, 30 L. Ed., 853, 7 S. Ct., 814; *United States* v. *Shipp,* 203 U. S., 563, 51 L. Ed., 319, 27 S. Ct., 165; *Gompers* v. *Bucks Stove & Range Co.,* 221 U. S., 418, 55 L. Ed., 797, 31 S. Ct., 492; *Howat* v. *Kansas,* 258 U. S., 181, 189, 66 L. Ed., 550, 42 S. Ct., 277; *United States* v. *United Mine Workers of America,* 330 U. S., 258, 91 L. Ed., 884, 67 S. Ct., 677.

In the absence of the limitation upon the effectiveness of an injunction without bond contained in Section 11882, General Code, the court would be free to exercise its inherent power to punish violations of its orders and decrees. In the instant case the bond was fixed and filed pursuant to the order of March 12, 1949.

In an ancillary proceeding in the main case, after extended hearing disclosing the propriety as well as the necessity of prohibiting all picketing, an order was

made and entered banning all picketing, pursuant to the prayer of the original petition. The statute requires a bond to make the injunction effective. This was given. No statute requires the giving of a new, additional, or supplemental bond upon modification of an injunction. Although entered upon a subsequent date after hearings upon motions for contempt, the April 12 order is essentially a modification of the original injunction which the court had jurisdiction to enter. The original injunction was not dissolved, but remained as modified by the supplemental order. It was and, so far as we are aware, still is within the control of the Common Pleas Court which may still further modify it or change its provisions. Cf. *Forgy* v. *Cincinnati, Hamilton & Dayton Rd. Co.*, 1 C. C., 417, 1 C. D., 233. Under Section 11889, General Code, the defendants could move for additional security. The bond filed pursuant to the order of March 12 remained in full force and effect.

It has been said that it is within the province of a chancellor, in continuing an injunction, to require *additional* or *new* security or a bond with *new* and *enlarged* conditions, but the power of a court to *substitute* a new bond for the old one is questionable. *Kent* v. *Bierce,* 6 Ohio, 336. The statute refers to additional security.[1]

At most, the failure of the entry to recite that the original bond should apply to the supplemental order was merely an irregularity which did not affect the jurisdiction of the court, and, before it can be made the predicate of error, it must have been called

[1]On November 8, 1949, the surety on the bond wrote a letter to the clerk of courts advising that it was liable upon the bond for any obligation arising under the order of April 12 as well as under the order of March 12. This letter written after the appeals were perfected is given no consideration in determining the issues on these appeals.

to the attention of the trial judge. *Univis Lens Co.* v. *Kaplan,* 89 N. E. (2d), 661.

We therefore conclude that the order made on April 12, 1949, was valid and became effective upon its entry and that the judgment as to the individual defendants should be affirmed.

The second assignment of error is that the order requiring the union to deposit the security bond in the sum of $10,000 was not sustained by sufficient evidence and is contrary to law. The evidence discloses that officers of the union were guilty of persistent disregard of the injunction against picketing and instigated the limited picketing in which the individual defendants participated. It is deplorable that one of counsel for the defendants suggested at a meeting that a test case be made in order to attack the validity of the court's order. Full authority to require security is conferred upon the court by Section 11888, General Code. *Sawbrook Steel Castings Co.* v. *United Steel Workers of America,* 148 Ohio St., 73, 73 N. E. (2d), 373. No question is apparently raised concerning the status of the union as a legal entity. Cf. *State* v. *Fremont Lodge of Loyal Order of Moose,* 151 Ohio St., 19, 84 N. E. (2d), 398.

It is suggested in the brief that in December 1949 the union adopted a resolution declaring the strike at an end and that the issue has, therefore, become moot. If this contention were correct, the appeals would have to be dismissed. Thus the inconsistency of appellants' position is at once revealed since it is apparent the issue is not moot so far as the union is concerned. Upon remand and upon application and appropriate showing of changed circumstances, the trial court is the forum to determine whether the bond is no longer required.

The judgment to which each of the appeals relate

is affirmed and the cause is remanded to the Common Pleas Court for further proceedings.

*Judgment affirmed.*

CARPENTER and CONN, JJ., concur.

CARPENTER, P. J., FESS and CONN, JJ., of the Sixth Appellate District, sitting by designation in the Eighth Appellate District.