The State of Ohio, Appellee, *v.* Murphy, Appellant.

[Cite as State *v.* Murphy (1990), 49 Ohio St. 3d 293.]

(No. 88-2015—Submitted December 12, 1989—Decided March 21, 1990.)

*Jim Slagle,* prosecuting attorney, for appellee.

*Randall M. Dana,* public defender,

*Joann Bour-Stokes, Jane P. Perry* and *Michael Grimes,* for appellant.

*Jeffrey M. Welbaum,* prosecuting attorney, and *Thomas Petkewitz,* urging affirmance for *amicus curiae,* Ohio Prosecuting Attorneys Association.

SWEENEY, J.    The dispositive issue before us in this appeal is whether a court of appeals may grant an application for reconsideration while a motion for leave to appeal or to certify the record is pending before this court. Stated differently, we are asked to determine whether the mere filing of such a motion or notice of appeal before this court divests the court of appeals of jurisdiction *in toto.* Since it is our view that the jurisdiction of the court of appeals does not end, in this context, until this court exercises and accepts exclusive jurisdiction in a case requesting invocation of the court's power of discretionary review, we affirm the decision of the court of appeals below.[1]

Appellant argues that pursuant to Section 1, Rule I of the Supreme Court Rules of Practice, the filing of a notice of appeal before this court is sufficient to secure the jurisdiction of this court while severing the jurisdiction of the court of appeals. Appellant contends that R.C. 2505.04 supports the proposition that filing a notice of appeal is the only jurisdictional step necessary in order to perfect an appeal. Appellant further submits that the requisite time period for filing an application for reconsideration (ten days under App. R. 26) and the time period for filing a notice of appeal before this court (thirty days under Section 1, Rule I of the Rules of Practice of the Supreme Court) provide ample opportunity for the court of appeals to decide an application for reconsideration. It is appellant's contention that permitting simultaneous appeal and reconsideration applications will encourage forum shopping in that an aggrieved party will be able to litigate the same issue in both courts in the hope of a favorable decision from either court.

The appellee asserts that the mere filing of a notice of appeal is not enough to obtain the jurisdiction of this court when the matter involves this court's discretionary jurisdiction to review cases. Appellee submits that the notice of appeal filed before this court, while the reconsideration application was pending before the court of appeals, clearly requested this court's discretionary jurisdiction under Section 2(B)(2)(b), Article IV of the Ohio Constitution. Appellee argues that the jurisdiction of this court is not automatically invoked upon the mere filing of a notice of appeal in the context of this court's discretionary powers of review. In support of such argument, appellee points to Sections 4 and 6 of Rule II of the Rules of Prac-

---

[1] Given our disposition on the jurisdictional issue, it is unnecessary for us to consider the issue of whether an order denying a motion to disqualify counsel is a final order subject to appeal under R.C. 2505.02. Nevertheless, it is clear under this court's prior rulings that while a *denial* of a motion to disqualify counsel is not a final appealable order, see *Bernbaum* v. *Silverstein* (1980), 62 Ohio St. 2d 445, 16 O.O. 3d 461, 406 N.E. 2d 532, the *granting* of a motion to disqualify counsel is a final appealable order, see *Russell* v. *Mercy Hospital* (1984), 15 Ohio St. 3d 37, 15 OBR 136, 472 N.E. 2d 695. While *Russell* concerned a matter in the civil context, it would appear that the legitimate interest implicated, *i.e.,* the right to counsel of one's choice, would compel a similar standard in the criminal context. But, see, *Flanagan* v. *United States* (1984), 465 U.S. 259.

tice of the Supreme Court, which require memoranda from both parties to either support or contest the jurisdiction of the court. Appellee contends that a decision in favor of appellant on this issue will put litigants in the unfortunate predicament of having to choose whether to pursue reconsideration of the court of appeals' decision or whether to pursue an appeal to this court, which would result in more appeals to this court on matters that the court of appeals can and should be able to correct itself.

App. R. 26 provides in relevant part:

"Application for reconsideration of any cause or motion submitted on appeal shall be made in writing before the judgment or order of the court has been approved by the court and filed by the court with the clerk for journalization or within ten days after the announcement of the court's decision, whichever is later. The filing of an application for reconsideration does not extend the time for filing a notice of appeal in a court of appeals.

"Parties opposing the application must answer in writing within ten days after the filing of the application. * * *"

R.C. 2505.04 states in pertinent part:

"An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court * * *. If a leave to appeal from a court first must be obtained, a notice of appeal also shall be filed in the appellate court. After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional."

However, Section 2(B), Article IV of the Ohio Constitution provides in relevant part:

"(2) The supreme court shall have appellate jurisdiction as follows:

"* * *

"(b) In appeals from the courts of appeals in cases of felony *on leave first obtained.*" (Emphasis added.)

In light of the foregoing constitutional provision, in combination with App. R. 26 and R.C. 2505.04, we reject appellant's argument that the mere filing of the notice of appeal before this court completely divests the court of appeals of jurisdiction so as to preclude it from ruling on the application for reconsideration. Given the language of Section 2(B)(2)(b), Article IV of the Ohio Constitution, it is clear that notwithstanding the language of R.C. 2505.04, an appeal in a felony case is not "perfected" before this court unless and until it is granted "on leave first obtained." Once this court grants a motion for leave to appeal or to certify the record in such discretionary review cases, then and only then is the court of appeals prevented from exercising any jurisdiction over the matter. Hence, as applied to the instant facts, the court of appeals and this court had concurrent jurisdiction over this matter while the court of appeals was considering the reconsideration application and while this court had appellee's motion to invoke this court's jurisdiction in order to review the appellate court's original disqualification order. Since the court of appeals acted upon the application for reconsideration before this court could assume exclusive jurisdiction in this case by granting the motion for leave to appeal, the court of appeals acted well within its jurisdiction and did not infringe upon the jurisdiction of this court in any manner whatsoever.

By this interpretation of the rules,

statute and Constitution, the court of appeals has the opportunity to correct any mistakes that it perceives were committed in its original order. In our view, a contrary interpretation will hamper judicial economy and allow parties to halt court of appeals proceedings in a case while this court decides whether to grant or deny the appeal that could be effectively preempted or cured by a meritorious application for reconsideration. In any event, we steadfastly refuse to construe R.C. 2505.04 in a manner that would enlarge the jurisdiction of this court beyond that which is allowed in the Ohio Constitution.

Therefore, we hold that a court of appeals retains jurisdiction to render a determination in a felony case upon an application for reconsideration unless and until the Ohio Supreme Court exercises its discretionary and exclusive jurisdiction to hear such case pursuant to Section 2(B)(2)(b), Article IV of the Ohio Constitution.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.