ELLISON

v.

**BURNSIDE, Judge.**

[Cite as *Ellison v. Burnside* (1992), 79 Ohio App.3d 542.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63656.

Decided May 12, 1992.

*Robert W. McIntyre* and *George V. Pilat,* for relator.

*Stephanie Tubbs Jones,* Prosecuting Attorney, and *Patrick J. Murphy,* Assistant Prosecuting Attorney, for respondent.

---

JOHN F. CORRIGAN, Presiding Judge.

Relator avers that he is the plaintiff in *Ellison v. Bd. of Trustees of the Cuyahoga Community College Dist.,* Cuyahoga County Court of Common Pleas case No. CV–206203. Counsel for defendants in case No. CV–206203 wish to take relator's deposition. Relator filed a motion for a protective order. Relator states that he sought a protective order from respondent, Judge Burnside of the common pleas court, because counsel for defendants in case No. CV–206203 "had also represented [relator when relator was president of defendant Cuyahoga Community College], had obtained confidential information from [relator], and had rendered legal advice to him on issues directly at issue in the litigation."

After respondent ordered that the deposition of relator go forward, relator commenced an appeal to this court, *Ellison v. Bd. of Trustees of the Cuyahoga Community College Dist.,* Cuyahoga App. No. 63546. This court dismissed case No. 63546 pursuant to R.C. 2505.02 in a decision which was announced on April 16, 1992 and journalized on April 27, 1992. On April 28, 1992, relator filed a notice of appeal to the Supreme Court of Ohio.[1]

Relator requests that this court issue a writ of prohibition preventing respondent "from entering an order or otherwise requiring petitioner to be deposed by present counsel for the [defendants in case No. CV–206203] on May 5, 1992, or at any time prior to an appellate ruling on the propriety of said examination."

■ Relief in prohibition is available only in limited circumstances:

" 'The conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law.' *State, ex rel. McKee, v. Cooper* (1974), 40 Ohio St.2d 65 [69 O.O.2d 396, 320 N.E.2d 286], paragraph one of the syllabus." *Bobb v. Marchant* (1984), 14 Ohio St.3d 1, 3, 14 OBR 1, 2, 469 N.E.2d 847, 849.

---

**1.** Reporter's Note: The motion to certify the record in *Ellison v. Bd. of Trustees* was overruled on August 12, 1992 in 64 Ohio St.3d 1438, 596 N.E.2d 469.

Under some circumstances, however, a party relator in an action in prohibition need not meet all three of these criteria:

"Ordinarily, all three prerequisites must be present before a claim in prohibition has been stated. *State, ex rel. Dayton, v. Kerns* (1977), 49 Ohio St.2d 295, 297, 3 O.O.3d 441, 443, 361 N.E.2d 247, 249. However, we have held that '[i]f an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court.' *State, ex rel. Adams, v. Gusweiler* (1972), 30 Ohio St.2d 326, 329, 59 O.O.2d 387, 388, 285 N.E.2d 22, 24; *Johnson, v. Perry County Court* (1986), 25 Ohio St.3d 53, 58, 25 OBR 77, 81, 495 N.E.2d 16, 21. But before we will exercise our jurisdiction to issue the writ in such instance, there must be a patent and unambigous [*sic*] lack of jurisdiction of the inferior court which clearly places the dispute outside the court's authority. *State, ex rel. Smith, v. Court* (1982), 70 Ohio St.2d 213, 215–216, 24 O.O.3d 320, 321, 436 N.E.2d 1005, 1007, citing *State, ex rel. Gilla, v. Fellerhoff* (1975), 44 Ohio St.2d 86, 88, 73 O.O.2d 328, 329, 338 N.E.2d 522, 523. Thus, where this showing has not been made, the availability of an adequate remedy in the ordinary course of law precludes the issuance of the writ of prohibition. *Tilford v. Crush* (1988), 39 Ohio St.3d 174, 176, 529 N.E.2d 1245, 1247.

■ Relator contends that prohibition lies because respondent would be exceeding her jurisdiction by ordering relator to submit to being deposed while an appeal to the Supreme Court of Ohio regarding respondent's order remains pending. We hold, however, that relief in prohibition is not appropriate in this action.

As stated in *Tilford, supra*, a supervisory court may issue a writ of prohibition without regard to whether an adequate remedy at law exists only if there is a *patent and unambiguous* lack of jurisdiction. Relator cites authority for the proposition that the filing of a notice of appeal to the Court of Appeals of Ohio divests a trial court of jurisdiction with regard to that judgment. Relator has not, however, cited any authority for the proposition that the filing of a notice of appeal to the Supreme Court of Ohio with regard to a decision of this court while exercising its appellate jurisdiction necessarily has the same effect.

■ Rather, the Supreme Court of Ohio has indicated that a court of appeals retains jurisdiction to reconsider its judgment prior to the Supreme Court's exercising its discretionary and exclusive jurisdiction in a felony case. *State v. Murphy* (1990), 49 Ohio St.3d 293, 551 N.E.2d 1292, syllabus. The Supreme Court has also suggested that the same principle would apply in a

civil matter. *In re Certificates Issued by Hocking Valley Bank of Athens Co.* (1991), 58 Ohio St.3d 172, 173, 569 N.E.2d 484, 485, fn. 3. As a consequence, we cannot conclude that, under the circumstances set forth in the complaint, there is a patent and unambiguous lack of jurisdiction on the part of respondent.

Furthermore, this court's decision in *State ex rel. Menorah Park Jewish Home for Aged v. Friedland* (May 14, 1991), Cuyahoga App. No. 61490, unreported, indicates that dismissal would be appropriate in this action. In *Menorah Park,* this court dismissed a complaint in prohibition in which relator requested that this court prevent a common pleas judge from enforcing her order granting a motion to compel production of an incident report. The *Menorah Park* court relied on *State ex rel. Greater Cleveland Regional Transit Auth. v. Guzzo* (1983), 6 Ohio St.3d 270, 6 OBR 335, 452 N.E.2d 1314 (*"GCRTA"*). In *GCRTA,* the Supreme Court affirmed this court's dismissal of an action in prohibition in which the relator sought to prohibit the enforcement of a motion to compel the production of an accident report. Relator in *GCRTA* had refused to produce the accident report on the ground of privilege.

Similarly, in this action, relator contends that he is entitled to relief in prohibition because being deposed by his former counsel would involve matters which are privileged. Nevertheless, the Supreme Court in *GCRTA* concluded that the respondent judge had jurisdiction over the underlying matter as well as discretion to rule on discovery matters and also held that appeal was an adequate remedy. In light of *GCRTA,* therefore, we must conclude that relief in prohibition would not be appropriate in this action. See, also, *State ex rel. Gross v. Marshall* (1974), 39 Ohio St.2d 92, 68 O.O.2d 54, 314 N.E.2d 170 (prohibition does not lie to stay an order of the court of common pleas governing the manner in which depositions were to be conducted).

Accordingly, we dismiss relator's complaint *sua sponte.* Relator to pay costs.

*Writ denied.*

JAMES D. SWEENEY and KRUPANSKY, JJ., concur.