[Cite as *State ex rel. Wood v. Olsztyn*, 2012-Ohio-607.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97928

---

# STATE OF OHIO, EX REL.,
# JOHN WOOD

### RELATOR

### vs.

# MAGISTRATE CHRISTOPHER E. OLSZTYN,
# ET AL.

### RESPONDENTS

---

### JUDGMENT:
### WRIT DENIED

---

Writ of Prohibition
Motion No. 452171
Order No. 452210

**RELEASE DATE:**   February 10, 2012

**FOR RELATOR**

John Wood
281 Corning Drive
Bratenahl, OH    44108


**ATTORNEY FOR RESPONDENTS**

William D. Mason
Cuyahoga County Prosecutor
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

{¶1}   On February 9, 2012, the relator, John Wood, commenced this prohibition action against Magistrate Christopher Olsztyn and Judge Peter J. Corrigan, to prohibit them from exercising jurisdiction over a discovery dispute and order, which would require Wood to disclose material he claims is protected by the client-counsel privilege. Wood maintains that the respondents should not exercise jurisdiction over that discovery matter because Wood filed a notice of appeal with the Supreme Court of Ohio in December 2011.   Wood also seeks an alternative writ and an order staying discovery. For the following reasons, this court dismisses the applications for a writ of prohibition and an alternative writ of prohibition.

{¶2}   In the underlying case, *Wood v. Fillinger*, Cuyahoga County C.P. No. CV-713348, the magistrate ordered Wood, an attorney, to explain why he did not have a conflict of interest in this case.   In response, Wood filed materials under seal.   Then, other parties to the underlying case sought discovery of those materials and filed motions to compel.   Wood filed a motion for confidentiality, which the trial court denied on July 7, 2011.   Wood appealed that decision to this court, *Wood v. Fillinger*, 8th Dist. No. 97032.   This court dismissed the appeal for lack of a final, appealable order.   Wood moved for reconsideration, which this court denied.   He then appealed to the Supreme

Court of Ohio, Case No. 11-2017. That court has not yet ruled on the memorandum in support of jurisdiction.

{¶3} On January 23, 2012, the respondent magistrate ordered Wood to provide discovery relating the disputed material by Monday, February 13, 2012. Wood filed a motion to vacate that order, but the trial court has not yet ruled on the motion. Wood then commenced this prohibition action.

{¶4} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe* , 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 27 (1940), and *Reiss v. Columbus Municipal Court*, 76 Ohio Law Abs. 141, 145 N.E.2d 447 (1956). Nevertheless, when a court is patently

and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988), and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997), and *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 1992-Ohio-116, 597 N.E.2d 116. Moreover, the court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶5} Wood does not cite any authority for the proposition that the appeal to the supreme court divests the trial court of jurisdiction. Rather, he argues that "all matters ordered therein may be affected by a ruling of the Ohio Supreme Court in the matter now before it * * *." (Paragraph 21 of the Complaint.)

{¶6} In *Ellison v. Burnside*, 79 Ohio App.3d 542, 607 N.E.2d 891 (1992), this court addressed a nearly identical issue. The relator had appealed an order that compelled his deposition despite a claim of attorney conflict of interest. This court dismissed the appeal for lack of a final, appealable order, and Ellison appealed to the

Supreme Court of Ohio. While the appeal was pending and before the supreme court had ruled on the motion to certify the record, Ellison sought a writ of prohibition to prevent the deposition. This court sua sponte dismissed the complaint because Ellison had not established that the trial court was patently and unambiguously without jurisdiction. Indeed, the Supreme Court of Ohio has indicated that the lower courts retain jurisdiction over the matter until it grants the motion to certify the record or otherwise accepts the appeal. *State v. Murphy*, 49 Ohio St.3d 293, 551 N.E.2d 1292 (1990); *Cincinnati v. Alcorn*, 122 Ohio St. 294, 171 N.E. 330 (1930). "The jurisdiction of the Court of Appeals over a cause pending or determined in such court is not suspended by the mere filing of a motion in this court to require such Court of Appeals to certify its record." *Id.* at paragraph three of the syllabus. *See also Bell v. Mt. Sinai Med. Ctr.*, 8th Dist. No. 63230, 1994 WL 245900 (June 2, 1994); and *Campbell v. Campbell*, 6th Dist. L-90-105, 1991 WL 127573 (July 3, 1991).

{¶7} Accordingly, this court denies the application for a writ of prohibition, the application for an alternative writ, and the motion for stay. Relator to pay costs. This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶8} Writ denied.

_____
SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, P.J., and
EILEEN A. GALLAGHER, J., CONCUR