THE STATE OF OHIO, APPELLANT, *v.* SIMMANS, APPELLEE.

(No. 69-419—Decided March 25, 1970.)

*Mr. Lowell S. Petersen,* prosecuting attorney, for appellant.

*Mr. Kent R. Minshall,* for appellee.

SCHNEIDER, J. Each count of the indictment was framed in the following language, so far as is material to the issue here:

" ... Edward N. Simmans ... at the County of Ottawa ... did, by false pretense and with intent to defraud, procure the signature of another as maker to a check, the value of said instrument being $60 or more, to-wit: ... [a more specific description of the offense is here set forth] ... contrary to Section 2911.01 of the Revised Code of Ohio ... ."

That section sets forth three separate and distinct offenses, the transgression of any one of which constitutes justification for the imposition of the penalty herein provided. The offense material to this case is that "[n]o person shall, by false pretense and with intent to defraud ... procure the signature of another as maker ... to a ... check ... ."

"In an indictment ... charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged." R. C. 2941.-05. See, also, R. C. 2941.06, outlining a form of indictment, and R. C. 2941.07, specifying forms which may be used in charging offenses, although no form is stated therein for the offense with which we are concerned.

However, "[i]t is sufficient in an indictment ... where it is necessary to allege an intent to defraud, to allege that the accused did the act with intent to defraud, without alleging an intent to defraud a particular person or corporation ... ." R. C. 2941.19.

We reverse the judgment of the lower court and reinstate the judgment of conviction.

It is eminently clear to us that the indictment employ-ed to the letter the language of the statute which is suffici-ent to give the accused notice of the offense of which he is charged without the additional language appearing after the word "to-wit," which we find unnecessary to consider. Cf. *Dillingham* v. *State*, 5 Ohio St. 280, which antedated the predecessors of the aforementioned statutes. Cf., also, *State* v. *Ross*, 12 Ohio St. 2d 37, where a necessary element of an offense had been superimposed upon the language of the statute by prior judicial interpretation and the ob-jection to the sufficiency of the indictment was raised by demurrer thereto.

Moreover, the accused had notice of every element of the offense, the burden of proof of which would be impos-ed upon the state at his trial. The phrase "by false pre-tense" was notice that the state had assumed the burden of proving that the accused made a false representation of an existing fact or past event, knowing it to be false at the time he made it. The phrase "intent to defraud" was a sig-nal that the state would be required, and would attempt, to prove that it was the intention of the accused that the false representation be acted upon by the party to whom it would be proven to have been made. The word "procure" was a warning that the state would offer proof to show that the false pretense was, in fact, relied and acted upon. Finally, venue was alleged.

Thus, all the essential elements of a crime defined by R. C. 2911.01 were included in the indictment. If detailed specifications of the various counts were insufficient or absent, defendant's recourse was to request a bill of par-ticulars pursuant to R. C. 2941.07.[2] This, he failed to do.

At no time or place during the entire proceedings, neither in the trial court, the appellate court, nor in this court, has the defendant complained that the state failed

---

[2]This section, as well as R. C. 2941.05 and 2941.06, was introduced to our Code in 1929 (113 Ohio Laws 123, 163, 164). R. C. 2941.19 was re-codified in the same sweeping revisions of our criminal pro-cedure.

to prove each element of the crime charged or that the proof offered failed to support one or more of those elements. Indeed, it was in the Court of Appeals that he raised, for the first time, the insufficiency of the indictment. Were it not for *State* v. *Cimpritz*, 158 Ohio St. 490 (to recede from which a majority of this court is not inclined), and *Kennedy* v. *State*, 34 Ohio St. 310, defendant ought to have the judgment of conviction against him restored on the ground that he waived the insufficiency of the indictment. See, for example, *State* v. *Glaros*, 170 Ohio St. 471, and opinion of Taft, C. J., in *State* v. *Wozniak*, 172 Ohio St. 517, 523.

*Cimpritz* is distinguishable in that words denoting the elements of *malice* and *force,* which are essential to the crime for which the defendant therein was convicted, were missing, as was, presumably, the proof of those elements. On the other hand, *Kennedy,* decided in 1877, is representative of the sophistry of an era in which the courts were yet unable to break cleanly from the centuries-old tradition of common-law pleading. Another example is *Hagar* v. *State,* 35 Ohio St. 268, in which an indictment for breaking and entering a *storeroom* was held defective because the statute under which it was drawn contained only the word *storehouse.*

The indictment in *Kennedy* was meticulous in its particularity and overwhelming in its prolixity, both of which proved self-defeating. Although it accused the defendant of "falsely pretending" that a voucher (and the debt which it purported to evidence) was true and that, "with the intent, then and there, and thereby to defraud," defendant "did procure" the signature of the maker of the check, the court held that an additional allegation that the maker *"paid* said . . . [false debt] by *delivering* [emphasis supplied] to said George B. Kennedy a check" negatived the other averments. Finally, the court said: "If the indictment had contained the averment that Kennedy, by means of the false pretenses, obtained the check from House, with intent to defraud, it would have been sufficient; but it contains no

such averment." The last statement clearly shows that the court misread the indictment before it.

Six years later, in *Tarbox* v. *State* (1883), 38 Ohio St. 581, Longworth, J., added to the confusion of *Kennedy* by attempting (at page 583) to explain it: "In other words, there was no false pretense made for the purpose of obtaining a check, but, on the contrary, with intent to obtain a payment in cash . . . . This case [Kennedy] . . . is, *if correctly decided,* an authoritative decision against . . . [Tarbox's claim]." (Emphasis supplied.)

A majority of this court shares Judge Longworth's doubts about *Kennedy* to the extent that it should be, and so is, overruled.

Defendant raises two further issues which properly arise for the first time in this court by reason of the appeal of the state. He proposes that the state "has no right of appeal under R. C. 2953.02-2953.13 from an adverse decision in a criminal proceeding, and is deprived of further jurisdiction over the person of the defendant." This proposal ignores R. C. 2953.14, which provides that "[w]henever *a court superior to the trial court* renders judgment adverse to the state in a criminal case or proceeding, the state, through . . . the prosecuting attorney . . . may institute an appeal to reverse such judgment *in the next higher court.*" (Emphasis supplied.) *State* v. *Huntsman,* 18 Ohio St. 2d 206, treats only of the right of appeal from a judgment adverse to the state by the *trial court.*

Defendant further proposes that "[a]n appeal by the state under R. C. 2953.14 after reversal and discharge of the defendant is solely for purposes of clarification of the law, and the reviewing court has no personal jurisdiction over the defendant unless the mandate of the Court of Appeals to the Court of Common Pleas is stayed by an order from the Supreme Court to the appellate court pending appeal to the Supreme Court by the state." It is conceded that no order by this court staying the judgment of the Court of Appeals herein was sought or issued. It was unnecessary.

Appeals by the state in a criminal proceeding from a court *superior* to the trial court *to* the *next higher* court are governed by R. C. 2505.01, *et seq.* R. C. 2505.09 provides that "[n]o appeal shall operate as a stay of execution except as provided in Sections . . . 2505.12 of the Revised Code, until a supersedeas bond is executed by the appellant . . . ." R. C. 2505.12, in turn, excuses the execution of the bond required by R. C. 2505.09 by "[a]ny public officer of the state or of any of its political subdivisions suing or sued solely in his representative capacity as such officer."

The correct propositions which emerge from the foregoing review of the statutes are: (1) The appeal to this court is by the state, through the prosecuting attorney, to reverse a judgment adverse to it in a criminal proceeding, pursuant to R. C. 2953.14; and (2) that judgment is automatically stayed without bond given by, or a specific request of, the prosecuting attorney, who is a public officer of a political subdivision of the state properly prosecuting the appeal ("suing") in his representative capacity as such officer. Cf. R. C. 2953.09, governing appeals by the accused. *State* v. *Huntsman, supra* (18 Ohio St. 2d 206).

The mere fact that defendant is at liberty through a misapprehension of the law by the lower courts or its clerks, or even by the prosecuting attorney in this case, does not divest this court of jurisdiction of the appeal or of the defendant. The conclusions stated in *State* v. *Aspell,* 5 Ohio App. 2d 230, and relied upon by the defendant, are disapproved. The defendant is amenable to process by the state to resecure custody over him at any time.

*Judgment reversed.*

Taft, C. J., Cole, O'Neill, Herbert, Duncan and Corrigan, JJ., concur.

Cole, J., of the Third Appellate District, sitting for Matthias, J.