**The STATE of Ohio**

v.

**COOPER.**

Hamilton County Municipal Court.

No. 01 CRB 1069.

Decided June 20, 2001.

*Jennifer Deering,* Assistant Hamilton County Prosecuting Attorney, for plaintiff.

*James Davis,* for defendant.

ELIZABETH B. MATTINGLY, Judge.

Defendant Tracy Cooper is charged with theft by deception in violation of R.C. 2913.02.

The facts are not in dispute. Defendant went to the Veterans Administration hospital retail store in Cincinnati, Ohio and indicated that she wanted to purchase jewelry and a leather jacket and that she wanted to pay for these items by writing a personal check. When informed that the shop could only accept checks written by employees, she represented that her husband or boyfriend, Eugene Vasser, was an employee who worked in the housekeeping department. She then provided the clerks with his extension number at the hospital.

Defendant was accompanied in the store by a male with a Veterans Administration employee identification tag who told defendant that it was "OK" to sign his name to the check. Defendant then wrote the check and left the store with jewelry and a leather coat. It was later discovered that Eugene Vasser was not an employee of the hospital. The store received no payment for the items received by defendant.

This case was tried to the court on May 22, 2001. After witnesses were sworn, defendant, in her opening statement, raised the issue of whether she was charged with passing bad checks in violation of R.C. 2913.11 based on certain comments in the complaint or with theft by deception in violation of R.C. 2913.02.

The complaint at issue states:

"Det. J. Shroyer, being first duly cautioned and sworn, deposes and says that Tracy Cooper on or about January 9, 2001, in Hamilton County, and State of

Ohio, with purpose to deprive VAMC Canteen Retail Store thereof, did knowingly obtain a leather coat and jewelry (3 pieces) totaling $400.00 without consent by deception contrary to and in violation of section 2913.02 of the Revised Code of Ohio, a misdemeanor 1st degree."[1]

The complaint then lists the following information:

"The complainant states that this complaint is based on [an] eyewitness account by store clerks [that] subject wrote 2 bad checks to the store knowing there was insufficient funds."[2]

Initially, the court notes that Crim.R. 12(B)(2) states that all objections to defects in the complaint must be raised before trial or such objections are waived. *Dayton v. Sheibenberger* (Oct. 30, 1991), Montgomery App. No. 12613, unreported, 1991 WL 229410. While the issue of when a jury trial begins has been the subject of some debate in the case law, the court has been unable to find a case on when a trial to the bench begins. The only common-sense answer is that a trial to the bench begins when jeopardy attaches, *i.e.*, when the witnesses are sworn. Since defendant made no motion to dismiss the complaint prior to trial in this matter, the defects in question, even if they exist, are waived. Even without such a waiver, the argument that the complaint herein is defective is without merit.

Under Ohio law, the purpose of a criminal complaint is to inform the accused of the identity and essential facts constituting the offense charged. *State v. Burgun* (1976), 49 Ohio App.2d 112, 116–120, 3 O.O.3d 177, 179–182, 359 N.E.2d 1018, 1021–1023; *State v. Broughton* (1988), 51 Ohio App.3d 10, 11, 553 N.E.2d 1380, 1381–1382; *State v. Osborne* (Dec. 24, 1998), Hamilton App. No. C–970710, unreported, 1998 WL 892131. Notably, in this context, the "essential facts" that must be disclosed are those which constitute the elements of the crime. In that sense, "essential facts" is a term of art and not literally true. Essential facts mean the proof that is required to obtain a conviction, but not all facts the state intends to prove at trial to sustain its burden of proof. *State v. Simmans* (1970), 21 Ohio St.2d 258, 50 O.O.2d 487, 257 N.E.2d 344; *State v. Moss* (Oct. 9, 1985), Hamilton App. No. C–840870, unreported, 1985 WL 11495.

The requirements of a valid complaint are stated in Crim.R. 3:

"The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable

---

1. Hereinafter referred to as the "central portion of the complaint."

2. Hereinafter referred to as the "based on" part of the complaint.

statute or ordinance."[3]

The complaint in question clearly states that defendant is charged with theft by deception in violation of R.C. 2913.02. In addition to the language of the central portion of the complaint, the charge of theft is noted in the upper-left-hand corner of the complaint. These statements comply with the requirements of Crim.R. 3. The question then becomes whether the additional factual language in the complaint (the "based on" language) negates the clear meaning of the charging document to the extent that the defendant was not notified of the charge against her.

Initially, it is noteworthy that not every theft involving the writing of a bad check must be charged by the state as passing bad checks in violation of R.C. 2913.11. Ohio law contains examples where the state has charged both crimes in situations where a check written for merchandise does not result in payment for goods received. See, for example, State v. Napp (Feb. 10, 1983), Cuyahoga App. No. 44948, unreported, 1983 WL 5767 (crime of passing bad checks is a species of attempted theft by deception).

As the Twelfth District Court of Appeals noted in State v. Valentine (July 18, 1988), Butler App. No. 87–07–091, unreported, 1988 WL 75355, "under normal circumstances, the offender gives the victim a check or other negotiable instrument in exchange for receiving something of value. The victim voluntarily gives the offender some consideration based on the implicit representation that the check's promise to pay is valid. Thus, when the check's promise to pay is not valid, the victim is not simply denied the property which he voluntarily relinquished based on the check's promise to pay but the consideration he or she would have received in exchange for that property * * *." Id. at *3.

Defendant's attorney asserts that this charge is, in reality, a passing-bad-checks charge. To reach this conclusion, it is necessary to ignore the language in the central portion of the complaint quoted above and consider only the language that is not required to be in the complaint at all pursuant to Crim.R. 3. Defendant thus focuses her argument exclusively on the bad-check and insufficient-funds language of the "based on" section of the complaint. This argument is curious in light of defendant's closing argument that defense counsel had told the former prosecutor on this case that defendant would contest talking about bad checks. (Trial Transcript, p. 40.) If defendant thought that talking about bad checks would be unrelated to the charge in the complaint, she cannot now argue to the court that she reasonably believed that she was charged with a passing-bad-checks charge.

---

3. No issue has been raised concerning the signature on the complaint.

## 56

The court finds that the additional language in the complaint (the "based on" language) is what the law describes as surplusage. Further, the statements made in the "based on" section of the complaint are not, in fact, misleading.[4] The court finds that this language does not undermine the central portion of a complaint that states the required elements. Moreover, there is no evidence that unfair prejudice resulted to defendant due to any machination of the state herein.[5] In addition, defendant made no motion for a continuance following the state's opening statement, nor did she request a bill of particulars.[6]

Turning to the specific facts of this case, the court finds that defendant Cooper, with purpose to deprive the owner of property, knowingly obtained and exerted control over the leather jacket and jewelry in question by means of deception. The fact that she had an associate in perpetrating the deception does not negate her criminal responsibility for theft by deception. Accordingly, the court finds defendant Cooper guilty as charged.

*So ordered.*

---

**4.** The evidence in the case was based on eyewitness accounts by store clerks that defendant wrote a check that did not result in funds being received by the store for the merchandise defendant received.

**5.** There is no evidence that the former prosecutor made any statements that misled the defendant as to the nature of the charge.

**6.** The court feels no need to address the issues raised under Crim.R. 7(D) in light of this finding.