[Cite as *State v. Whitt*, 2012-Ohio-3094.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| STEPHEN H. WHITT | : | Case No. 12-CA-3 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 09CR0067


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               July 5, 2012


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JASON W. GIVEN                          STEPHEN H. WHITT, PRO SE
318 Chestnut Street                     LECI
Coshocton, OH  43812                    P.O. Box 56
                                        Lebanon, OH  45036

*Farmer, J.*

{¶1} On July 20, 2009, the Coshocton County Grand Jury indicted appellant, Stephen Whitt, on two counts of rape in violation of R.C. 2907.02 and two counts of sexual battery in violation of R.C. 2907.03. Said charges arose from incidents involving a child when the child was twelve and thirteen years old.

{¶2} A bench trial commenced on April 13, 2010. By judgment entry filed April 15, 2010, the trial court found appellant guilty of all counts. By judgment entry on sentencing filed June 15, 2010, the trial court sentenced appellant to an aggregate indefinite term of twenty-five years to life in prison and then merged the sexual battery counts with the rape counts.

{¶3} Appellant appealed and this court affirmed his conviction, but reversed the sentences on the sexual battery counts which had been imposed prior to the merge. See, *State v. Whitt,* Coshocton App. No. 10-CA-10, 2011-Ohio-3022.

{¶4} On January 30, 2012, the trial court conducted a resentencing hearing. By judgment entry on resentencing filed February 8, 2012, the trial court merged the sexual battery counts with the rape counts and sentenced appellant to an aggregate indefinite term of twenty-five years to life in prison.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶6} "THE SENTENCE WAS CONTRARY TO LAW AND ALSO VIOLATED THE 5TH AND 6TH 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION DUE PROCESS OF LAW EQUAL PROTECTION OF THE LAW."

I

{¶7}   Appellant claims his resentencing was contrary to law.  We disagree.

{¶8}   We note appellant directly appealed his convictions and sentences on July 9, 2010.  This court affirmed appellant's convictions, but reversed the sentences on the sexual battery counts which had been imposed prior to the merge, stating the following:

{¶9}   "The trial court erred in sentencing Appellant on counts three and four, as those convictions should have merged prior to sentencing, not after.  Accordingly, the trial court must resentence Appellant in accordance with R.C. 2941.25 with respect to allied offenses.

{¶10}  "We do not find Appellant's other arguments regarding sentencing to be persuasive.  We find that the trial court properly advised Appellant of the mandatory postrelease control provisions, and that it was within the trial court's discretion to impose a sentence within the statutory range for counts one and three."  *State v. Whitt,* Coshocton App. No. 10-CA-10, 2011-Ohio-3022, ¶72-73.

{¶11}  Therefore, the doctrine of res judicata applies to this case.  Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.  The appeal sub judice is limited to any issues arising from the resentencing entry.  *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204.

{¶12}  In *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, ¶4, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence:

{¶13} "In applying *Foster [State v.,* 109 Ohio St.3d 1, 2006–Ohio–856] to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."

{¶14} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶15} We note although in *Oregon v. Ice* (2009), 555 U.S. 160, the United States Supreme Court upheld the constitutional validity of an Oregon statute similar to Ohio's pre-*Foster* sentencing statutes, the Supreme Court of Ohio in *State v. Hodge,* 128 Ohio St.3d 1, 941 N.E.2d 768, 2010–Ohio–6320, held the *Oregon* case did not revive the *Foster* statutes, and trial courts are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences.

{¶16} Appellant argues the trial court erred in making factual findings regarding the consecutive nature of the sentences. In addition, appellant makes a convoluted and confusing argument regarding allied offenses of similar import.

{¶17} A review of the January 30, 2012 resentencing hearing transcript and the February 8, 2012 judgment entry on resentencing reveals the trial court did not make any factual findings on the worst form of the offense as argued by appellant.

{¶18} The rape counts and the sexual battery counts were allied offenses and the trial court was instructed by this court on remand to merge the two rape counts with

the two sexual battery counts prior to imposing sentence, rather than sentencing appellant on all four counts and then merging the sentences. A review of the judgment entry on resentencing establishes that the trial court correctly followed this court's instructions.

{¶19} If appellant is arguing there should have been one conviction only for the merged rape/sexual battery counts, we find the Supreme Court of Ohio in *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, ¶26-27, addressed this issue as follows:

{¶20} "On remand, the trial court should fulfill its duty in merging the offenses for purposes of sentencing, but remain cognizant that R.C. 2941.25(A)'s mandate that a 'defendant may be convicted of only one' allied offense is a proscription against sentencing a defendant for more than one allied offense. Nothing in the plain language of the statute or in its legislative history suggests that the General Assembly intended to interfere with a determination by a jury or judge that a defendant is guilty of allied offenses. As the state asserts, by enacting R.C. 2941.25(A), the General Assembly condemned multiple sentences for allied offenses, not the determinations that the defendant was guilty of allied offenses.

{¶21} "Because R.C. 2941.25(A) protects a defendant only from being punished for allied offenses, the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing.***Thus, the trial court should not vacate or dismiss the guilt determination." (Footnote omitted.)

{¶22} Upon review, we find appellant's resentencing is not contrary to law.

{¶23} The sole assignment of error is denied.

{¶24}  The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


s/ Julie A. Edwards_____

                    JUDGES


SGF/sg 614

[Cite as *State v. Whitt*, 2012-Ohio-3094.]

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| STEPHEN H. WHITT | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-CA-3 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ Julie A. Edwards_____

JUDGES