[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Shafer v. Wainwright,* Slip Opinion No. 2019-Ohio-1828.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1828

THE STATE EX REL. SHAFER, APPELLANT, *v.* WAINWRIGHT, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Shafer v. Wainwright,* Slip Opinion No. 2019-Ohio-1828.]

*Habeas corpus—Court of appeals correctly determined that inmate's maximum sentence has not yet expired—Court of appeals' judgment denying petition affirmed.*

(No. 2018-0950—Submitted January 29, 2019—Decided May 15, 2019.)

APPEAL from the Court of Appeals for Marion County, No. 9-18-05.

_____

**Per Curiam.**

{¶ 1} Appellant, James Shafer, an inmate at the Marion Correctional Institution, appeals the Third District Court of Appeals' judgment denying his petition for a writ of habeas corpus. We affirm.

**Facts and Procedural History**

{¶ 2} In 1992, Shafer was convicted of burglary and rape and sentenced to 5 to 25 years in prison. He was released on parole in 2004. In 2005, while on parole, Shafer pleaded guilty to unarmed bank robbery and a federal court sentenced him to 63 months in prison.

{¶ 3} In 2006, in four separate cases in the Cuyahoga County Court of Common Pleas, Shafer pleaded guilty to various robbery charges and was sentenced as follows: (1) seven years in prison to be served concurrently with the other state sentences and the federal sentence (case No. CR-05-463258-A), (2) seven years in prison to be served concurrently with the other state sentences and the federal sentence, plus a consecutive one-year prison term for a gun specification (case No. CR-05-465115-A), (3) five years in prison to run consecutively to the sentence in case No. CR-05-465117-A and concurrently with the other state sentences and the federal sentence, plus a consecutive one-year prison term for a gun specification (case No. CR-05-465116-B), and (4) seven years in prison to be served consecutively to the sentence in case No. CR-05-465116-B and concurrently with the other state sentences and the federal sentence, plus a consecutive one-year prison term for a gun specification (case No. CR-05-465117-A).

{¶ 4} In 2009, Shafer completed his federal sentence and was returned to state custody. His 2004 parole was revoked, and he was ordered to serve the remainder of the 25-year sentence imposed in 1992.

{¶ 5} In February 2018, Shafer filed a habeas corpus petition in the Third District Court of Appeals against appellee, Lyneal Wainwright, warden of the Marion Correctional Institution. Shafer argued that the Bureau of Sentence Computation ("BSC") miscalculated his prison term by improperly running his five-year sentence in case No. CR-05-465116-B consecutively to his state sentences instead of concurrently. He further contended that his jail-time credit was improperly calculated.

**{¶ 6}** On June 7, 2018, the court of appeals granted the warden's motion for summary judgment and dismissed Shafer's petition. Shafer appealed.

### Legal Analysis

**{¶ 7}** "The Rules of Civil Procedure are generally applicable in original actions for extraordinary writs, including habeas corpus actions." *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 6. "Summary judgment is appropriate when an examination of all relevant materials filed in the action reveals that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12, quoting Civ.R. 56(C). This court reviews a decision granting summary judgment de novo. *Id.*

**{¶ 8}** The court of appeals held that Shafer is not entitled to habeas relief because the writ is "generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully," *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). As discussed above, Shafer must serve, at a minimum, consecutive terms of seven years (imposed in case No. CR-05-465117-A), five years (imposed in case No. CR-05-465116-B), and three years (for the gun specifications). Shafer began serving his aggregate state sentence in 2009. His new maximum aggregate sentence will not expire until August 2020.

**{¶ 9}** Shafer makes three arguments in support of his claim that he is entitled to immediate release from prison. First, he contends that his five-year sentence imposed in case No. CR-05-465116-B was to be served concurrently with his federal sentence. This argument rests on Shafer's misreading of a single sentence in the judgment entry issued in case No. 05-465116-B. The entry states: "Defendant sentenced to 1 year on gun spec to be served prior to and consecutive with 5 years on base charge. Sentence to run *consecutive to CR 465117* and concurrent to cases CR 463258 and CR 465115 *and concurrent to time to be served in federal prison.*" (Emphasis added.) Shafer is correct that the judgment entry

states that his five-year sentence would run concurrently with his federal sentence. But the trial court ordered the sentences imposed in case Nos. CR-05-465116-B and CR-05-465117-A to be served consecutively, for a total of 12 years.

{¶ 10} Second, Shafer argues that the BSC illegally added three years to the maximum expiration date for his 1992 sentence. R.C. 2929.14(C)(1)(a) requires that a term for a firearm specification must be served prior to any prison term and "consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." Therefore, when Shafer returned to state prison after serving his federal time, the BSC correctly calculated the three one-year sentences imposed in 2006 for the gun specifications as running consecutively to the 1992 sentence and prior to his other prison terms.

{¶ 11} Shafer also contends that his 2006 sentences are illegal because the trial court did not state that the gun specifications were to be served consecutively to his 1992 sentence. But because R.C. 2929.14(C)(1)(a) requires that the terms imposed for the gun specifications be served "consecutively to any other prison term * * * previously * * * imposed upon the offender," the court was not required to specify in the sentencing entries that the gun-specification terms were to be served consecutively to his 1992 sentence. *See, e.g.*, *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 16. Third, Shafer claims that he is entitled to additional jail-time credit. This claim is not cognizable in habeas corpus actions, as he had an adequate remedy by way of direct appeal from his 2006 sentences or by filing a motion for jail-time credit. *Johnson v. Crutchfield*, 140 Ohio St.3d 485, 2014-Ohio-3653, 20 N.E.3d 676, ¶ 6; *Cool v. Turner*, 135 Ohio St.3d 185, 2013-Ohio-85, 985 N.E.2d 462, ¶ 1.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

James Shafer, pro se.

Dave Yost, Ohio Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

_____