[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Whitt v. Harris,* Slip Opinion No. 2019-Ohio-4113.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4113

THE STATE EX REL. WHITT, APPELLANT, *v.* HARRIS, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets,

it may be cited as *State ex rel. Whitt v. Harris,*

Slip Opinion No. 2019-Ohio-4113.]

*Habeas corpus—Claims arguing lack of jurisdiction barred by res judicata— Failure to prove venue not cognizable in habeas corpus—Habeas corpus not available to challenge sufficiency of the evidence—Court of appeals' denial of writ affirmed.*

(No. 2019-0121—Submitted June 11, 2019—Decided October 8, 2019.)

APPEAL from the Court of Appeals for Warren County, No. CA2018-09-112.

_____

**Per Curiam.**

{¶ 1} Appellant, Stephen H. Whitt, appeals the decision of the Twelfth District Court of Appeals denying his petition for a writ of habeas corpus against Chae Harris, warden of the Lebanon Correctional Institution. We affirm.

*Background*

{¶ 2} In 2009, a Coshocton County grand jury issued a four-count indictment against Whitt for the alleged rape and sexual battery of his wife's

granddaughter. Count one charged him with the rape of a victim under the age of 13, in violation of R.C. 2907.02(A)(1)(b). Count two charged him with a separate rape "by force or threat of force," in violation of R.C. 2907.02(A)(2). And counts three and four alleged sexual battery.

{¶ 3} Whitt was found guilty on all counts after a bench trial. The court of appeals affirmed his convictions but remanded for a new sentencing hearing. *State v. Whitt*, 5th Dist. Coshocton No. 10-CA-10, 2011-Ohio-3022, ¶ 88, *appeal not accepted*, 130 Ohio St.3d 1417, 2011-Ohio-5605, 956 N.E.2d 309. On remand, the trial court merged the sexual-battery counts with the rape counts before resentencing Whitt, and the court of appeals affirmed. *State v. Whitt*, 5th Dist. Coshocton No. 12-CA-3, 2012-Ohio-3094, ¶ 4, 24.

{¶ 4} On September 7, 2018, Whitt filed a petition for a writ of habeas corpus in the Twelfth District Court of Appeals, alleging that his convictions were void for lack of subject-matter jurisdiction. According to Whitt, the evidence at trial showed that the count-one rape occurred in Sunbury, Ohio (Delaware County), the count-two rape happened in Pennsylvania, the location of the sexual battery alleged in count three was never established, and the count-four sexual battery occurred in either Tennessee or Kentucky. Whitt argues that because none of the crimes occurred in Coshocton County, the common pleas court lacked jurisdiction to convict him, therefore entitling him to a writ of habeas corpus compelling his immediate release.

{¶ 5} Warden Harris filed a motion for summary judgment, which the court of appeals granted. The court of appeals determined that Whitt's claims were barred by res judicata and denied the writ on that basis. Whitt appealed.

*Analysis*

{¶ 6} To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Cannon*, 155 Ohio

St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "[H]abeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully." *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). As is true for every extraordinary writ, habeas corpus is not available when there is an adequate remedy in the ordinary course of law. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8. "However, there is a limited exception to the adequate-remedy requirement: 'when a court's judgment is void because it lacked jurisdiction, habeas is still an appropriate remedy despite the availability of appeal.' " *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 9, quoting *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 151, 656 N.E.2d 1282 (1995). We review a summary-judgment decision denying a writ of habeas corpus de novo. *See State ex rel. Shafer v. Wainwright*, 156 Ohio St.3d 559, 2019-Ohio-1828, 130 N.E.3d 268, ¶ 7.

{¶ 7} According to Whitt, he was convicted of count two, rape "by force or threat of force" under R.C. 2907.02(A)(2), based on conduct that occurred entirely in Pennsylvania. This claim is barred by res judicata.

{¶ 8} In the direct appeal of his convictions, Whitt's first assignment of error was that "the trial court lacked statutory jurisdiction under R.C. 2901.11 to consider the second and fourth incidents as the alleged sexual conduct occurred outside the state of Ohio." *Whitt*, 2011-Ohio-3022, at ¶ 17, 23. The court of appeals rejected this argument on the merits. *Id*. at ¶ 38. Whitt then sought discretionary review in this court, and the central issue he raised in his unsuccessful petition was the trial court's alleged lack of jurisdiction over a rape committed outside Ohio. *See* memorandum in support of jurisdiction in *State v. Whitt*, case No. 2011-1236.

{¶ 9} A petitioner "may not use habeas corpus to gain successive appellate reviews of the same issue." *State ex rel. Rash v. Jackson*, 102 Ohio St.3d 145, 2004-Ohio-2053, 807 N.E.2d 344, ¶ 12 (holding that prisoner could not raise in habeas corpus a claim already raised in his direct appeal). Because Whitt

challenged the trial court's jurisdiction to convict him on the forcible-rape charge in his direct appeal, his habeas claim based on the same theory is barred by res judicata. *See Wells v. Hudson*, 113 Ohio St.3d 308, 2007-Ohio-1955, 865 N.E.2d 46, ¶ 7.

{¶ 10} Whitt's argument concerning count one is a challenge to *venue*, not jurisdiction. He concedes that the conduct charged in count one occurred in Ohio. He claims a right to have his trial occur in the county where the alleged crime occurred (Delaware County) and concludes that it was error to try him in Coshocton County. Venue is not a jurisdictional element of a criminal offense. *State v. Crawford*, 5th Dist. Richland No. 18CA79, 2019-Ohio-273, ¶ 17. A criminal defendant who fails to object to venue at trial waives all but plain error. *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, 23 N.E.3d 1023, ¶ 142. And because failure to prove venue must be raised on direct appeal, the issue is not cognizable in habeas corpus. *Cook v. Maxwell*, 2 Ohio St.2d 107, 108-109, 206 N.E.2d 558 (1965). Thus, Whitt's challenge to his count-one conviction on the basis of venue is barred by res judicata.

{¶ 11} Finally, Whitt challenges the trial court's jurisdiction to convict him of sexual battery under count three (location unknown) and count four (Tennessee or Kentucky). The gravamen of his argument regarding count three is that the state failed to prove that the conduct occurred in Ohio, which appears to be a challenge to the sufficiency of the evidence. Habeas corpus is not available to challenge the sufficiency of the evidence. *State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4. And res judicata bars his jurisdictional challenge to count four because it was part of his direct appeal.

{¶ 12} Moreover, even if Whitt's jurisdictional challenges to counts three and four had merit, he would not be entitled to habeas corpus relief. "[H]abeas corpus lies only if the petitioner is entitled to immediate release from confinement." *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995).

Whitt's rape convictions (counts one and two) included a maximum term of life in prison, which he has not fully served. *See Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 9 (inmate who "has not served his maximum term of life" is not entitled to habeas relief). Thus, vacating the sexual battery convictions, which were merged into his rape convictions for sentencing, would not result in his release from prison.

{¶ 13} For these reasons, the court of appeals correctly denied the writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Stephen H. Whitt, pro se.

Dave Yost, Attorney General, and Mary Anne Reese, Assistant Attorney General, for appellee.

_____