[Cite as *Midgett v. Sheldon*, 2021-Ohio-3096.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DAJUAN MIDGETT | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Petitioner | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| J. STEVE SHELDON, SHERIFF | : | Case No. 2021 CA 0059 |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:                 Writ of Habeas Corpus



JUDGMENT:                                                Dismissed



DATE OF JUDGMENT:                                September 9, 2021



APPEARANCES:

For Petitioner                                              For Respondent

DARIN AVERY                                          GARY BISHOP
105 Sturges Avenue                               Prosecuting Attorney
Mansfield, OH  44903                            VICTORIA MUNSON
                                                                Assitant Prosecuting Attorney
                                                                38 South Park Street
                                                                Mansfield, OH  44902

*Wise, Earle, J.*

{¶ 1}   On August 13, 2021, Petitioner, Dajuan Midgett, filed a Petition for Writ of Habeas Corpus. Mr. Midgett asserts he is entitled to immediate release from the Richland County Jail because the trial court has no authority to hold him pending a jury trial. Respondent, Sheriff J. Steve Sheldon, Richland County, filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment. For the reasons that follow, we grant Sheriff Sheldon's Motion to Dismiss.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2}   On July 7, 2021, this Court issued a decision reversing Mr. Midgett's conviction for various drug offenses, on speedy trial grounds, and vacating his sentence. *See State v. Dajuan Midgett*, 5th Dist. Richland No. 2020 CA 0058, 2021-Ohio-2317.

{¶ 3}   The next day, the state appealed our decision to the Ohio Supreme Court and filed a Motion for Stay. (Ohio Supreme Court Case No. 2021-0850) On July 9, 2021, the state moved the Richland County Court of Common Pleas to "issue a holder on Defendant" in the underlying criminal case (Richland Case No. 2019-CR-520) because it was unlikely the Supreme Court would promptly grant the stay motion. On July 9, 2021, the trial court issued an order stating:

> As the State has filed its Notice of Appeal along with a Motion to
> Stay before the Ohio Supreme Court on July 8, 2021, this matter remains
> pending. Therefore, the Ohio Department of Rehabilitations (sic) and
> Corrections shall hold Defendant in custody until the Richland County
> Sheriff's Office can pick up Defendant for transport to the Richland
> County Jail, no later than July 16, 2021.

(Judgment Entry, attached to Petition.)

{¶ 4}   On July 13, 2021, the trial court issued another Judgment Entry providing, in pertinent part:

>   It is hereby ordered that the Richland County Sheriff's Office shall convey Dajuan Midgett * * * from the Belmont Correctional Institution to the Richland County Court of Common (sic) no later than July 16, 2021 for a Jury Trial in accordance with the Fifth District Court of Appeals (sic) decision. After the hearing, the Richland County Sheriff's Office shall reconvey the defendant as appropriate. IT IS SO ORDERED.

(Judgment Entry, attached to Petition.)

{¶ 5}   On July 19, 2021 the trial court set bond for Mr. Midgett in the amount of $150,000. (Judgment Entry, attached to Petition). Mr. Midgett maintains under R.C. 2945.73(D), " '[w]hen an accused is discharged pursuant to division (B) or (C) of this section, such discharge is a bar to any further criminal proceedings against him based on the same conduct.' " (Petition, ¶ 7) As of the time of filing this opinion, the Ohio Supreme Court has not decided whether to exercise jurisdiction in the pending appeal or ruled on the state's pending Motion for Stay.

{¶ 6}   On August 19, 2021, the Richland County Prosecutor's Office, on behalf of Sheriff Sheldon, filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment. Sheriff Sheldon maintains due to our decision issued in Mr. Midgett's direct appeal, ODRC could no longer hold him under R.C. 2953.13. (Motion to Dismiss, p. 1) This statute provides, in pertinent part:

When a defendant has been committed to a state correctional institution and the judgment by virtue of which the commitment was made is reversed on appeal, and the defendant is entitled to discharge * * * the clerk of the court reversing the judgment or remanding the case, under the seal of the court, shall forthwith certify the reversal or remand to the warden of the state correctional institution. The warden, on receipt of the certificate, if a discharge of the defendant is ordered, shall forthwith discharge the defendant from the state correctional institution.

{¶ 7}   In response to the mandate of R.C. 2953.13, the trial court issued an order conveying Mr. Midgett to the Richland County Jail where he remains to date.

### CIV.R. 12(B)(6) STANDARD AND HABEAS CORPUS ELEMENTS

{¶ 8}   Sheriff Sheldon asks the Court to dismiss Mr. Midgett's Petition under either Civ.R. 12(B)(6) or Civ.R. 56. We find dismissal proper under Civ.R. 12(B)(6) because Mr. Midgett cannot state a claim entitling him to relief.

{¶ 9}   The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10.

{¶ 10} If a petition does not satisfy the requirements of a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on

motion by the respondent or sua sponte by the court. *Flora v. State*, 7th Dist. Belmont No. 04 BE 51, 2005-Ohio-2383, ¶ 5. Finally, we are permitted to consider material incorporated within a complaint as part of that pleading, without having to convert the matter to a summary judgment proceeding. *See Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery No. 25950, 2015-Ohio-1394, ¶ 14 ("Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss.")

{¶ 11} "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, 157 Ohio St.3d 384, 2019-Ohio-4113, 137 N.E.3d 71, ¶ 6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "[A]n inmate is not usually eligible for habeas relief until his maximum sentence has expired." [Citation omitted.] *Pence v. Bunting*, 143 Ohio St. 3d 532, 2015-Ohio-2026, 40 N.E.3d 1058, ¶ 9. Finally, habeas corpus is not available when an adequate remedy at law exists. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8.

## ANALYSIS

### 1. This Court lost jurisdiction to enforce its decision rendered in the direct appeal upon the state's appeal to the Ohio Supreme Court.

{¶ 12} First, Mr. Midgett contends because the Ohio Supreme Court has neither ruled on the state's request for a stay nor decided to exercise jurisdiction in the state's pending appeal, the matter is not pending in the Ohio Supreme Court. Mr. Midgett

concludes this Court therefore has jurisdiction to enforce its order of July 7, 2021. (Petition, ¶ 11) We disagree.

{¶ 13} Mr. Midgett's argument pertains to our jurisdiction to act in his direct appeal, Richland Case No. 2020 CA 0058, while the state's appeal is pending before the Ohio Supreme Court. In *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, the Ohio Supreme Court denied a motion to dismiss pending before the Court where the trial court resentenced a defendant, in response to the court of appeals' remand, after the state appealed to the Supreme Court. *Id.* at ¶ 8. The Supreme Court found the trial court had no jurisdiction to resentence the defendant once the state filed its notice of appeal and therefore denied appellee's dismissal motion. *Id.* The Court explained: "An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." [Citations omitted.] *Id.*

{¶ 14} Mr. Midgett cites *State v. Thomas*, 111 Ohio App.3d 510, 515, 676 N.E.2d 903 (8th Dist.1996) in support of his argument. The *Thomas* court cited *State v. Murphy*, 49 Ohio St.3d 293, 551 N.E.2d 1292 (1990). *Murphy* held a court of appeals retains jurisdiction until the Ohio Supreme Court exercises its discretionary and exclusive jurisdiction under Section 2(B)(2)(b), Article IV of the Ohio Constitution. *Id.* at syllabus. We acknowledge the Eighth District's decision in *Thomas* and the Supreme Court's decision in *Murphy*, appear to conflict with the Supreme Court's *Washington* decision.

{¶ 15} The Eighth District Court of Appeals noted the conflict between *Murphy* and *Washington* in *State v. Thomas*, 8th Dist. Cuyahoga No. 103406, 2016-Ohio-8326. However, the Eighth District concluded, as we do here, that "we must follow *Washington*,

because it is the most recent Supreme Court case to apply the rule regarding jurisdiction and the filing of a notice of appeal." *Id.* at ¶ 13.

{¶ 16} Therefore, even though the Ohio Supreme Court has not yet decided whether to exercise jurisdiction in the pending appeal, based on *Washington,* we lost jurisdiction to enforce our judgment when the state filed its Notice of Appeal on July 8, 2021. In fact, the only action we are permitted to take is action in aid of the pending appeal. *See generally Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44, 553 N.E.2d 1354 (1990), citing *In re Kurtzhalz*, 141 Ohio St. 432, 48 N.E.2d 657 (1943), paragraph two of the syllabus, ("When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment.") Enforcing our order that reversed Mr. Midgett's conviction and vacated his sentence would not be an action in aid of the state's pending appeal.

### 2. The state cannot conduct another trial because this Court's judgment was automatically stayed when the state appealed.

{¶ 17} Second, Mr. Midgett contends the Richland County Common Pleas Court has no authority to try him again, in the same case, and therefore Sheriff Sheldon cannot keep him incarcerated pending trial. (Petition, ¶ 13) Sheriff Sheldon indicates in his response that Mr. Midgett is not being held in anticipation of a retrial. Instead, Sheriff Sheldon explains the inclusion of this language in the Judgment Entry was a mistake and it should have stated Mr. Midgett was being transported to Richland County for a bond hearing. (Motion to Dismiss, p. 3)

{¶ 18} This may have been the purpose of Mr. Midgett's transfer, but it is well-established that a court speaks only through its journal. *State ex rel. Industrial Comm. v. Day*, 136 Ohio St. 477, 26 N.E.2d 1014 (1940), paragraph one of the syllabus. Here, the

record indicates Mr. Midgett was transported to the Richland County Jail for a trial in accordance with our decision. We cannot accept Sheriff Sheldon's explanation that Mr. Midgett was transported for a bond hearing, and the trial court merely made a mistake when it indicated he was transported for a new trial on the previous criminal charges.

{¶ 19} However, this point is not dispositive of whether Mr. Midgett is entitled to be released from jail. Rather, we turn to the Ohio Supreme Court's decision in *State v. Simmans*, 21 Ohio St.2d 258, 257 N.E.2d 344 (1970) to answer this question. In *Simmans*, the court of appeals vacated a conviction due to problems with an indictment. *Id.* at 260. The state appealed. *Id.* Defendant was released from bond and custody. *Id.* at 264. No order from the Ohio Supreme Court stayed the court of appeals' judgment. *Id.* at 263.

{¶ 20} The Supreme Court found such an order was not necessary. *Id.* at 264. The Court cited R.C. 2505.09 which provides that no appeal shall act as a stay of execution until a supersedeas bond is executed by the appellant. *Id.* However, the Court noted R.C. 2505.12 excuses the execution of the bond requirement by any public officer of the state or political subdivision. *Id.*

{¶ 21} Based on these two statutes, the Court set forth the following propositions:

> (1) The appeal to this court is by the state, through the prosecuting attorney, to reverse a judgment adverse to it in a criminal proceeding, pursuant to R.C. 2953.14; and (2) *that judgment is automatically stayed without bond given by, or a specific request of, the prosecuting attorney who is a public officer of a political subdivision of the state*

> *properly prosecuting the appeal * * * in his representative capacity as*
>
> *such officer.*

(Emphasis added.) *Id.*

{¶ 22}  *Simmans* has not been overruled and remains good law in Ohio. Therefore, based on *Simmans*, when the state appealed our decision to the Ohio Supreme Court, our decision was automatically stayed. Further, the trial court properly ordered Mr. Midgett conveyed to the Richland County Jail because a defendant, in a state penitentiary who has his or her sentence suspended, must be removed to the county jail where he or she was convicted pending the decision on appeal or termination of the suspension of sentence and may be released on bail. *See* R.C. 2953.11.  Here, the trial court complied with the statute by transporting Mr. Midgett to the Richland County Jail and setting bail in the amount of $150,000.

{¶ 23} For the foregoing reasons, we grant Sheriff Sheldon's Motion to Dismiss.

{¶ 24} MOTION GRANTED.

{¶ 25} CAUSE DISMISSED.

{¶ 26} COSTS TO PETITIONER.

{¶ 27} IT IS SO ORDERED.

By Earle E. Wise, Jr., J.

Gwin, P.J. and

Delaney, J. concur.

EEW/ac

[Cite as *Midgett v. Sheldon*, 2021-Ohio-3096.]