[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Haddix v. Warden*, Slip Opinion No. 2023-Ohio-1637.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1637

THE STATE EX REL. HADDIX, APPELLANT, *v*. WARDEN, MADISON CORRECTIONAL INSTITUTION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Haddix v. Warden*, Slip Opinion No. 2023-Ohio-1637.]

*Habeas corpus—Inmate's arguments waived for failure to raise them in court of appeals—Even if trial court failed to issue final, appealable order, inmate would not be entitled to immediate release from prison—Court of appeals' judgment denying writ affirmed.*

(No. 2022-1262—Submitted February 28, 2023—Decided May 18, 2023.)

APPEAL from the Court of Appeals for Madison County, No. CA2022-07-015.

_____

**Per Curiam.**

{¶ 1} Appellant, Douglas E. Haddix, an inmate at the Madison Correctional Institution, appeals the judgment of the Twelfth District Court of Appeals denying his complaint for a writ of habeas corpus against appellee, the warden of the

institution. Also pending is Haddix's motion requesting trial transcripts and journal entries from his underlying criminal case. We deny the motion and affirm the Twelfth District's judgment.

**Background**

{¶ 2} In 1995, the Stark County Grand Jury returned a six-count indictment against Haddix. Counts one through three were charges of rape involving a child under the age of 13. The indictment also included one count each of felonious sexual penetration, gross sexual imposition, and endangering a child. At the close of the state's case-in-chief, the trial court dismissed the child-endangering charge. *See State v. Haddix*, 5th Dist. Stark No. 95-CA-0175, 1996 WL 363510, *1 (June 3, 1996). The jury acquitted Haddix of the first rape count.

{¶ 3} The trial court's sentencing entry summarized the jury's verdicts as "guilty of the crimes of Rape, 2 Cts.; Felonious Sexual Penetration, 1 Ct., Gross Sexual Imposition, 1 Ct.; and Endangering Children, 1 Ct." (Citations omitted.) The entry did not mention the first count of rape, of which Haddix had been acquitted, and it did not specify which two counts of rape Haddix had been convicted of. The entry erroneously stated that the jury had found Haddix guilty of child endangering, but the trial court did not impose a sentence for that charge.

{¶ 4} The trial court imposed an indeterminate prison sentence of 10 to 25 years on each rape count, to be served concurrently, and terms of 5 to 25 years for felonious sexual penetration and two years for gross sexual imposition, to be served consecutively to each other and to the rape sentences. Thus, the trial court sentenced Haddix to an aggregate term of 17 to 50 years in prison. The Fifth District Court of Appeals affirmed Haddix's convictions. Haddix did not challenge the sentencing entry in his direct appeal.

{¶ 5} In 2012, Haddix filed a motion for resentencing, arguing that he had been sentenced for a count of rape of which he had been found not guilty. *State v.*

2

*Haddix*, 5th Dist. Stark No. 2012-CA-00218, 2013-Ohio-1974, ¶ 8. The trial court denied the motion. On appeal, the Fifth District stated:

> The original judgment entry of conviction and sentence, filed on May 2, 1995, did reflect that Haddix was sentenced to an indeterminate sentence of 10 to 25 years for the second count of statutory rape. The jury, however, had acquitted Haddix of this specific count in the indictment.

*Id.* at ¶ 13. The Fifth District seemingly did not realize that Haddix had been indicted on *three* counts of rape and convicted of two of those counts. Despite finding an error in the sentencing entry, the Fifth District denied relief, stating, "This entire sentencing entry was corrected by a nunc pro tun[c] entry, filed on May 30, 1995, to correct th[e] error." *Id.* Because Haddix could have appealed any error in his original sentencing entry, the Fifth District concluded that Haddix's claim was barred under the doctrine of res judicata. *Id.* at ¶ 16.

{¶ 6} In November 2021, Haddix filed another motion to vacate his sentence, suggesting that errors in the original sentencing entry were evidence of fraud. The Fifth District denied the motion, holding that the nunc pro tunc entry had corrected the reference to the child-endangering count. The decision did not directly address any claim by Haddix regarding his rape convictions, but in relating the background, the Fifth District made a factual error—it indicated that Haddix had been convicted of counts one and three and acquitted of count two.

{¶ 7} Seizing on that misstatement, in July 2022, Haddix filed the present complaint for a writ of habeas corpus in the Twelfth District. According to Haddix, the Fifth District, in its 2013 opinion, stated that Haddix had been sentenced on count two of the indictment even though he had been acquitted of that count. Based on this discrepancy, he alleged that the trial court had sentenced him for an offense

when it lacked jurisdiction to do so. Alternatively, he alleged that the trial court had unreasonably failed to impose a judgment that satisfied the requirements of Crim.R. 32.

{¶ 8} The Twelfth District denied the writ. The court held that habeas corpus did not lie, because the error in the sentencing entry was not jurisdictional and Haddix had other remedies by which to raise the issue. The court of appeals also noted that the trial court's nunc pro tunc entry had cured the error.

{¶ 9} Haddix has appealed.

**Analysis**

*The motion for transcripts and journal entries*

{¶ 10} Haddix requests a transcript of the court proceedings from April 28, 1995, asserting that it is necessary to understand "the truth of what occurred" in court on the day the jury's verdicts were announced in his case. Alternatively, he asks us to take judicial notice of several documents, most of which are already part of the record. We will not expand the record to consider evidentiary materials that were not before the lower court. *See Brown v. Cleveland*, 66 Ohio St.2d 93, 98, 420 N.E.2d 103 (1981). We therefore deny Haddix's motion.

*Standard of review*

{¶ 11} To be entitled to a writ of habeas corpus, the petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. A writ of habeas corpus "is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.' " *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616, 757 N.E.2d 1153 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). "[H]abeas corpus is not available when the petitioner has an adequate remedy in the ordinary course of law, unless a trial court's judgment is

void for lack of jurisdiction." *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, 172 N.E.3d 1026, ¶ 8.

{¶ 12} We review the denial of a habeas corpus petition de novo. *See State ex rel. Shafer v. Wainwright*, 156 Ohio St.3d 559, 2019-Ohio-1828, 130 N.E.3d 268, ¶ 7.

*Haddix's propositions of law*

{¶ 13} As his first proposition of law, Haddix argues that his criminal trial was presided over by a judge "who was not impartial[,] causing [s]tructural [e]rror and [d]ivesting the trial court of [s]ubject-matter jurisdiction to render a judgment." As his second proposition of law, Haddix challenges the validity of the trial court's nunc pro tunc entry; he asserts that the trial court lacked jurisdiction to issue it because the case was on appeal at the time. Because Haddix did not assert these arguments before the Twelfth District, he has waived them. *State ex rel. Barnette v. Hill*, 169 Ohio St.3d 476, 2022-Ohio-2469, 206 N.E.3d 658, ¶ 12 (holding that a relator in an extraordinary-writ action has waived new claims raised for the first time on appeal).

{¶ 14} As his third proposition of law, Haddix asserts that the trial court has never issued a final, appealable order. Even if Haddix is correct, his remedy does not lie in habeas corpus. A trial court's failure to comply with Crim.R. 32 does not entitle an inmate to immediate release from prison. *Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, ¶ 10.

**Conclusion**

{¶ 15} Because the Twelfth District correctly denied Haddix's petition for a writ of habeas corpus, we affirm. We deny Haddix's motion for transcripts and journal entries.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Douglas E. Haddix, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

_____